E-FILED
Tuesday, 11 December, 2012 01:25:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Criminal No. 12-CR-10017 |
| | ) | |
| BRADLEY DEARBORN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE**
**TO PRECLUDE INTRODUCTION INTO EVIDENCE**
**DEFENDANT'S PRIOR FELONY CONVICTIONS**

Defendant, Bradley Dearborn, by his attorney, Anthony W. Vaupel, of Barash & Everett LLC, hereby moves the court to preclude introduction into evidence of Defendant's prior felony conviction pursuant to Rules 404(b) and 609, Fed.R.Evid. In support of said motion, the defendant states:

I. Introduction

1. Defendant is charged with the offenses of Conspiring to Knowingly Distribute Cocaine in violation of 21 USC 841(a)(1) and 841(b)(1)(A) (Count 1), Distribution of Cocaine Base in violation of 21 USC 841(a)(1) and 8451(b)(1)(C) (Count 2), Distribution of Cocaine Base in violation of 21 USC 841(a)(1) and 8451(b)(1)(C) (Count 3), and Possession of Cocaine Base with Intent to Distribute in violation of 21 841(a)(1) and 841(b)(1)(B) (Count 4).

2. Discovery submitted by the government suggests that they will attempt to introduce into evidence Defendant's prior felony convictions.

3. Defendant has been convicted of the following felony offenses:

a. May 13, 1992: Possession of Controlled Substance (Class 3) in Cook County, IL, No. 91C66139201;

b. May 13, 1992: Theft >$300-$10k (Class 3) in Cook County, IL, No. 92C66004702;

c. May 13, 1995: Attempted Murder (Class X) and Aggravated Discharge of a Firearm (Class 1) in Cook County, IL, No. 95C66053501;

d. November 2, 2006: Manufacture/Delivery of +15 Grams of Cocaine (Class X) in Cook County, IL, No. 05C66124501;

e. June 24, 2007: Possession of Cocaine (Class 4) in McDonough County, IL, No. 05-CF-187.

## II. Rule 609, Fed.R.Evid.

4. Rule 609(a)(1), Fed.R.Evid., states, in the pertinent part, that a defendant's prior felony convictions shall be admissible to impeach a defendant's testimony only “if the probative value of the evidence outweighs its prejudicial effect to that defendant." Rule 609(b), Fed.R.Evid., states that evidence of a conviction is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement, whichever is the later, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

5. In weighing the probative value of such evidence against its prejudicial effect, the District Court should consider the following five factors:

a) the impeachment value of the prior crime;

b) the point in time of the conviction and the witness' subsequent history;

c) the similarity between the past and present crime;

d) the importance of the defendant's testimony; and

e) the centrality of the credibility issue in the trial. Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002); Unites States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1976).

6. Several of Defendant's prior convictions are remote in time and introduction into evidence of convictions for crimes which do not relate to the testimony of Defendant will create a prejudicial effect which is not substantially outweighed by the probative value.

7. Defendant's prior felony convictions for manufacture/delivery and possession of cocaine, which are not too remote in time, should be barred from evidence based on the unfair prejudice created by their similarity to the current charges against Defendant. See United States v. Beahm, 664 F.2d 414 (4th Cir. 1981). In United States v. Beahm, the Fourth Circuit stated that:

> [a]dmission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

Id. at 418-19 (citing Mahone, 537 F.2d at 922).

8. For the foregoing reasons, this Court should bar the government from introducing any evidence of Defendant's prior felony convictions to impeach Defendant's credibility if he elects to testify at trial.

III. Rule 404(b), Fed.R.Evid.

9. Rule 404(b), Fed.R.Evid., prohibits the use of evidence of other bad acts to show that a defendant has a propensity to commit a crime, and that he acted in accordance with the propensity on the occasion in question. See United States v. Chavis, 429 F. 3d 662, 667 (7th Cir. 2005). Such evidence can be admitted, however, only if it is offered for purposes other than showing propensity,

such as to establish "intent, knowledge, lack of mistake, motive, or opportunity." Chavis, 429 F.3d at 667. In determining whether evidence of a prior conviction is brought forth as inadmissible propensity evidence, or conversely, for an allowable purpose under Rule 404, "the government must affirmatively show why a particular prior conviction tends to show the more forward-looking fact of purpose, design, or volition to commit the new crime." Chavis, 429 F.3d at 668 (quoting United States v. Jones, 389 F.3d 753, 757 (7th Cir. 2004).

10. A four-part analysis governs the admissibility of evidence under Rule 404(b): (1) the evidence must be directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence must show that the other act is similar enough and close enough in time to be relevant to the matter in issue: (3) the evidence must be sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. Chavis, 429 F. 3d at 667 (quoting United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

11. The government can make no affirmative showing that the introduction of Defendant's prior convictions could be for any admissible purpose under Rule 404. Therefore, the convictions should be held to be inadmissible propensity evidence. Additionally, even if offered for an admissible purpose, the government can not satisfy the last prong of the four-part analysis detailed above. The probative value of Defendant's prior felony convictions, which involve the possession or delivery of a controlled substance, is substantially outweighed by the danger of unfair prejudice. The similarity between the prior offenses and the current charges brought, create a high probability that the jury would unfairly infer Defendant to have the propensity to commit such acts.

## IV. Conclusion

Wherefore, for the foregoing reasons, this Court should bar the government from introducing any evidence of the Defendant's prior felony convictions to impeach the Defendant's credibility, and also bar the government from introducing any evidence of Defendant's prior felony convictions as evidence of the Defendant's knowledge, intent, plan, and absence of mistake or accident in this case and for such other relief as the court deems fair and just.

Respectfully Submitted,
Bradley D. Dearborn,

/s/Anthony W. Vaupel
Anthony W. Vaupel
Attorney for Defendant,
Bradley D. Dearborn

## CERTIFICATE OF SERVICE

I Anthony W. Vaupel, an attorney, hereby certify that on December 11, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney's Office and all CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service, first class postage pre-paid, the document to the following non-CM/ECF participants as follows:

Bradley D. Dearborn
c/o Knox County Jail
152 Kellogg Street
Galesburg, IL 61401

s/ Anthony W. Vaupel
Anthony W. Vaupel,
Attorney for Defendant
Bradley D. Dearborn

Anthony W. Vaupel (ARDC# 6276096)
of Barash & Everett, LLC
Defendant's Attorney
256 South Soangetaha Road
Galesburg, IL 61401
Telephone: 309/341-6010
Fax: 309/341-1945
E-mail: vaupelt@barashlaw.com