**E-FILED**
Wednesday, 26 October, 2016 04:32:33 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**AT PEORIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CR-10017 |
| | ) | |
| BRADLEY D. DEARBORN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**RESPONSE TO DEFENDANT'S "MOTION[S] TO THE COURT (VIOLATION [sic] DETAINER [sic] ACT)" AND "REQUEST (FED. R. CRIM. P. 18 § 3623 [sic]) INTERSTATE AGREEMENT ON DETAINER [sic] ACT"**

Plaintiff, by and through the United States Attorney for the Central District of Illinois, hereby responds to the Defendant's "Request (Fed. R. Crim. P. 18 § 3623 [sic]) Interstate Agreement on Detainer [sic] Act" and "Motion[s] to the Court (Violation [sic] Detainer Act)." (Docs. 117; 120; 121.)

## I. Factual Background

*A. Conviction and Sentence*

Defendant Bradley D. Dearborn (hereinafter "Defendant") was charged in the United States District Court for the Central District of

Illinois, by indictment on January 19, 2012 with two counts of distribution of cocaine base, one count of conspiracy to distribute a controlled substance, and one count of possession of cocaine base with intent to distribute. (Doc. 11). On October 2, 2013, Defendant entered a plea of guilty to the two distribution counts in exchange for dismissals of the other two counts.

On September 2, 2014, Defendant was sentenced to a term of 172 months in the custody of the Bureau of Prisons (hereinafter "BOP") followed by a six-year term of supervised release. Defendant's sentence was later vacated by the United States Court of Appeals for the Seventh Circuit and the case was remanded for resentencing.

Subsequently, on August 26, 2016, Defendant was resentenced in this Court to a term of 172 months in the custody of the BOP followed by a six-year term of supervised release.

On September 5, 2016, Defendant was housed at the Fulton County Jail in the custody of the United States Marshals Service (hereinafter "USMS") and was engaged in an altercation there that resulted in the filing of a three-count prosecutor's information (Exhibit 1) by the Fulton County State's Attorney charging Defendant with, *inter alia*, attempted

murder. Days later, the USMS and BOP received a request that Defendant be produced before the Circuit Court of the Ninth Judicial Circuit of Illinois for proceedings on the aforementioned information (Exhibit 2).

Defendant, pro se, then filed the instant motions ostensibly objecting to his continued custody at the Fulton County Jail and requesting a transfer to the Federal Correctional Institution in Greenville, Illinois. (Docs. 117, 120, 121.)

## II. Analysis

Defendant's motions and requests make reference to 18 U.S.C. § 3623,[1] the Interstate Agreement on Detainers,[2] and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In essence, Defendant argues that his transfer to the Fulton County Jail following his federal resentencing is a violation of the Interstate Agreement on Detainers which therefore violates due process such that he must be transferred to FCI Greenville.

---

[1] Defendant actually refers to this statute as "Fed. R. Crim. P." but it is obvious he is referring to the same title and section numbers contained within the United States Code.

[2] Defendant actually makes reference to the Interstate Agreement on Detainer [sic] Act [sic] and the Detainer Act.

Defendant cites to 18 U.S.C. § 3623 which positively authorizes the Director of the Bureau of Prisons to order the transfer of a federal prisoner to a State detention facility upon request, presentment of the charging document, and a belief by the Director that such transfer would be in the public interest. This statute does not authorize a federal prisoner to attack a transfer due to an alleged violation of the Interstate Agreement on Detainers.

Additionally, the Bureau of Prisons alone is statutorily authorized to designate a prisoner's place of imprisonment, whether such correctional facility is maintained by the Federal Government *or otherwise*. 18 U.S.C. § 3621(b) (emphasis added). Under this statute, the Bureau of Prisons could lawfully house Defendant for his entire sentence at the Fulton County Jail.

While Defendant may prefer to be housed at FCI Greenville, neither the Interstate Agreement on Detainers, nor 18 U.S.C. § 3623 authorizes a federal prisoner to challenge a transfer decision. *See Pischke v. Litscher*, 178 F.3d 497 (7th Cir. 1999) (denying federal prisoners' habeas corpus petitions challenging transfer between prisons).

## III. Conclusion

For the reasons stated above, Defendant's motions must be denied.

Respectfully submitted:

JAMES A. LEWIS
*United States Attorney*

By: /s/Adam C. Korn

Adam C. Korn
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Telephone: (309) 671-7050
Email: Adam.Korn@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2016, I electronically filed the foregoing Response to Defendant's "Request (Fed. R. Crim. P. 18 § 3623 [sic]) Interstate Agreement on Detainer [sic] Act" and "Motion[s] to the Court (Violation [sic] Detainer Act)" with the Clerk of the Court using the CM/ECF system, and I hereby certify that on October 27, 2016, I caused a true and correct copy of the pleading to be sent via United States Mail, first class and postage prepaid, addressed to the Petitioner:

Bradley Dearborn
Inmate
Fulton County Jail
268 W. Washington Ave.
Lewistown, IL 61542

/s/ Adam C. Korn
Adam C. Korn, AUSA